581 A.2d 854

**Cornelius J. BEHAN**

v.

**Joseph GAGLIANO, Jr.**

**No. 105, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Nov. 8, 1990.

John A. Austin, Asst. County Atty. (Arnold Jablon, County Atty., on the brief), Towson, for appellant.

David P. Henninger, Towson, for appellee.

Argued before MOYLAN, WENNER and CATHELL, JJ.

WENNER, Judge.

The genesis of this appeal was a complaint for abusive discharge, invasion of privacy and defamation filed in the Circuit Court for Baltimore County by the appellee, Joseph Gagliano, Jr. The complaint also sought injunctive relief, damages and a show cause order against the appellant, Cornelius J. Behan, Chief of Police for Baltimore County, and other county officials.[1] The trial court, *inter alia,* dismissed the request for injunctive relief and show cause order. Ultimately, the issues of abusive discharge and defamation were submitted to a jury.[2] The jury returned a

---

1. The original complaint named: Donald Hutchinson, Baltimore County Executive; Baltimore County; Baltimore County Police Department; and Ernest W. Bures, Lieutenant in the Baltimore County Police Department.

2. Summary judgment was granted in favor of Hutchinson and Baltimore County as to Count 1, and in favor of Hutchinson, Baltimore County, Behan and the Baltimore County Police Department as to Count 2. The jury returned a verdict in favor of Bures as to the count for defamation.

verdict in favor of the appellee. Appellant has turned to us for solace. Upon appeal, he posits that:

 I. The trial court erred in refusing to grant the motions for judgment that were made on behalf of Chief Behan with respect to the claims for abusive discharge.

 II. The trial court erred in refusing to re-instruct the jury in response to questions presented to the court during deliberations.

 III. The trial court erred in its refusal to reduce or strike the verdicts which were entered by the jury.

Because we believe that the trial court should have granted appellant's motion for judgment with respect to the claim for abusive discharge, we shall reverse the judgment of the circuit court. Consequently, we need not address the remaining issues.

### Facts

Appellee had been a Baltimore County police officer for just under two years when he injured his ankle.[3] There was conflicting testimony as to how the injury occurred. Appellee contended that he was injured while on duty. As a consequence, pursuant to Md.Ann.Code, Art. 101, § 38 of the Worker's Compensation Act, an "Employer's First Report of Injury" was filed. Appellee was placed on the police department's injured list and recuperated for five days. Following an internal investigation which concluded that the appellee's injury had been incurred while he was off-duty, appellee was discharged from the police department. Inasmuch as the department's termination form indicated that appellee was discharged because of "falsification of a Workmen's Compensation Form", appellee contends that he was fired from the department for filing a worker's compensation claim. Throughout these proceedings, by a varie-

---

**3.** Appellee was on probationary status; therefore, he was not entitled to any of the administrative protections set forth in Md.Ann.Code, art. 27, § 727 *et seq.*, Law Enforcement Officer's Bill of Rights.

ty of motions, appellant claimed that, as a matter of law, he was entitled to public official immunity.

Following the return of the jury's verdict, and the denial by the trial court of a spate of motions, this appeal ensued.

Appellant first contends that the circuit court should have granted his motion for summary judgment, motion for judgment, motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial, or motion to revise, and motion for reconsideration. Specifically, appellant contends that he was entitled to judgment as a matter of law because: (1) appellee failed to allege and prove facts sufficient to establish the elements of abusive discharge; and (2) appellee failed to prove actual malice on the part of appellant so that appellant was entitled to public official immunity. We agree with appellant that the appellee failed to prove actual malice. Consequently, we shall address only that issue.

■ A public servant is entitled to public official immunity if: (1) the public servant is a public official; (2) the alleged culpable conduct was committed by the official while acting in a discretionary capacity; and (3) the official acted without actual malice. *Leese v. Baltimore County,* 64 Md.App. 442, 479, 497 A.2d 159 (1985). All three factors must exist to establish immunity. *Id.* at 481, 497 A.2d 159.

It is conceded that appellant is a public official; he is the Chief of Police for Baltimore County. Nor is it seriously disputed that in discharging the appellee, appellant was exercising discretion. Obviously, the authority to hire or fire is discretionary. Appellant's focus, then, is upon actual malice.

■ In order to prove that appellant, in discharging the appellee from the Baltimore County Police Department, acted with actual malice, appellee was required to show that appellant's decision to discharge him was "an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the appellee." *Leese,* 64 Md.App. at

480, 497 A.2d 159. Actual malice, of course, does not always have to be shown with specificity; it may be inferred. *K & K Management, Inc. v. Lee,* 316 Md. 137, 557 A.2d 965 (1989). However that may be, the evidence adduced by the appellee, whether circumstantial or direct, even when viewed in the light most favorable to him, was not, as a matter of law, sufficient to pierce the shield of public official immunity.

 The record before us reveals that the appellee's co-workers, upon hearing of his alleged on-duty injury, contacted appellee's supervisor to report that appellee was actually injured at a local fire station while off-duty. An internal investigation into the matter was initiated. Appellant and other individuals were interviewed. As a result of the investigation, the appellee's commanding officer concluded that appellee had given false information thus causing a worker's compensation claim to be initiated. The commanding officer recommended discharge, and pursuant to departmental policy, forwarded his decision up through the chain of command. Appellant became involved at this point. Appellant held a meeting with the department's personnel officer, the commanding officer of the Field Operations Division, the commanding officer of the Internal Affairs Division, appellee's commanding officer, and appellee's immediate supervisor. Appellant was told that the appellee had been interviewed several times and had given inconsistent accounts as to how he was injured. Based upon the collective conclusions and recommendations of the departmental personnel involved, and of appellee's supervisors, the appellant concluded that, by giving false information, appellee had caused a worker's compensation claim to be initiated and ordered appellee discharged from the police department.

From all of this, we hold that the trial judge erred in denying appellant's motions for judgment.

JUDGMENT REVERSED.

COSTS TO BE PAID BY THE APPELLEE.