Dear Mr. Broccolino:
You have requested our opinion concerning the immunity, if any, that attends the position of the State's Attorneys' Coordinator in the performance of the duties of that office. Specifically, you inquire:
1. What immunity is enjoyed currently by the State's Attorneys' Coordinator?
2. If the Coordinator is not a State employee, will the Office of the Attorney General defend the Coordinator from any actions arising out of the performance of the legislatively mandated duties of the office?
3. If the Coordinator does not enjoy any governmental immunity, do the members of the State's Attorneys' Coordination Council (the Attorney General and ten of the elected State's Attorneys) have any immunity from any actions arising from the actions of the Coordinator?
Our opinion is as follows:
1. The State's Attorneys' Coordinator has no statutory immunity from tort liability. Nor is the State's Attorneys' Coordinator entitled to assert public official immunity. However, should a judgment be entered against the State's Attorney's Coordinator, the Board of Public Works may be asked to pay it.
2. In accordance with the usual statutory criteria, the State's Attorneys' Coordinator will be defended by the Attorney General in a civil action.
3. The members of the State's Attorneys' Coordination Council are generally immune under the Maryland Tort Claims Act for tortious acts or omissions within the scope of their Council activities, including any Council activities relating to the State's Attorneys' Coordinator.
 I Background
The State's Attorneys' Coordinator is appointed by the State's Attorneys' Coordination Council and serves at the pleasure of the Council. Article 10, § 41A(a)(2) of the Maryland Code. The State's Attorneys' Coordinator is responsible for establishing and implementing training programs and providing materials for State's Attorneys and their professional staff. Article 10, § 41B(a)(1). The Coordinator is also charged with providing and coordinating continuing legal education programs and services for the State's Attorneys and their professional staffs. Article 10, § 41B(a)(2).
The statute contemplates State funding of this position: "The State's Attorneys' Coordinator shall receive the salary provided in the State budget. The State's Attorneys' Coordinator shall . . . prepare and submit to the Governor a consolidated budget for the office." Article 10, § 41A(c).[1] Nevertheless, the Office of State's Attorneys' Coordinator has not had a "personal identification number" for the last three years, nor will it have one for the next fiscal year. In other words, the position of the State's Attorneys' Coordinator has not been funded by a State salary for the past three years. During Fiscal Year 1996, however, the State's Attorneys' Coordinator's salary is being provided through a federal grant to the Governor's Commission on Drug and Alcohol Abuse, which in turn is administered through the State's Attorney for Baltimore City as subgrantee. During Fiscal Year 1997, if the Governor's budget bill is approved as submitted, the State's Attorneys' Coordinator's salary will be partially funded by a State grant to the State's Attorneys' Association, a private entity representing the interests of State's Attorneys.
 II Liability
A. . Maryland Tort Claims Act
The Maryland Tort Claims Act ("MTCA"), Title 12, Subtitle 3 of the State Government ("SG") Article, Maryland Code, defines the scope of immunities afforded State employees and officials. SG § 12-105 provides that "State personnel shall have the immunity from liability described under § 5-399.2(b) of the Courts and Judicial Proceedings Article." This latter provision grants immunity for any tortious act or omission "that is within the scope of the public duties of the State personnel and is made without malice or gross negligence . . . ."
The term "State personnel" is defined in pertinent part in SG § 12-101(1) as "a State employee or official who is paid in whole or in part by the Central Payroll Bureau in the Office of the Comptroller of the Treasury." See also State v. Meade,101 Md. App. 512, 522, 647 A.2d 830 (1994). Although the State's Attorneys' Coordinator will be the indirect recipient of State funds next fiscal year, nevertheless the State's Attorneys' Coordinator is not now, and will not be, paid by the Central Payroll Bureau. Because of that fact, the State's Attorneys' Coordinator does not meet the definition of "State personnel."[2] Therefore, the State's Attorneys' Coordinator would not be covered by the MTCA.
B. Local Government Tort Claims Act
The immunity provision of the Local Government Tort Claims Act, Title 5, Subtitle 4 of the Courts and Judicial Proceedings ("CJ") Article, provides as follows:
 (1) Except as provided in subsection (c) of this section, a local government shall be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by an employee within the scope of employment with the local government.
 (2) A local government may not assert governmental or sovereign immunity to avoid the duty to defend or indemnify an employee established in this subsection.
CJ § 5-401(b). See also Ashton v. Brown, 339 Md. 70, 107,660 A.2d 447 (1995).
CJ § 5-401(c)(1) defines "employee" as "any person who was employed by a local government at the time of the act or omission giving rise to potential liability against that person."[3]
The State's Attorneys' Coordinator is not "employed by a local government." The term "local government" includes Baltimore City, CJ § 5-401(d)(4), but the State's Attorney's Office is a State entity, not part of Baltimore City government. See Valle v.Pressman, 229 Md. 591, 185 A.2d 368 (1962).[4] Nor is the State's Attorneys' Association a "local government."
C. Qualified Immunity For Public Officials
The State's Attorneys' Coordinator is not entitled to assert immunity enjoyed by a public official. An individual is a public official if:
 (i) The position was created by law and involves continuing and not occasional duties.
 (ii) The holder performs an important public duty.
 (iii) The position calls for the exercise of some portion of the sovereign power of the State.
 (iv) The position has a definite term for which a commission is issued and a bond and an oath are required.
James v. Prince George's County, 288 Md. 315, 324, 418 A.2d 1173
(1980). See also Behan v. Gagliano, 84 Md. App. 719, 722,581 A.2d 854 (1990), cert. denied, 322 Md. 239, 587 A.2d 246 (1991).
The position of State's Attorneys' Coordinator was created by statute and involves important, continuing duties. The State's Attorneys' Coordinator, however, does not exercise any portion of the sovereign power of the State, nor does the position have a definite term. On the contrary, the State's Attorneys' Coordinator serves at the pleasure of the Coordination Council and has an indefinite term of office. See Article 10, § 41A(a)(2). Seealso 79 Opinions of the Attorney General ___ (1994) [Opinion No. 94-043, at 4 n. 3 (August 17, 1994)] (serving "at the pleasure of" means that the individual can be removed at any time). Moreover, the State's Attorneys' Coordinator is not required to take an official oath of office. Therefore, the State's Attorneys' Coordinator is not entitled to assert public official immunity.[5]
D. Board of Public Works Payment
Under SG § 12-404, the Board of Public Works may pay a judgment entered against "any personnel." The term "State personnel," for purposes of this provision, is broadly defined to include not only an enumeration of various specific categories of employees but also "any other . . . State employee." SG § 12-401(13).
The State's Attorneys' Coordinator holds a position created by State law. In the performance of that statutorily created position, the Coordinator carries out duties of statewide interest specified in that law: establishing and implementing training programs and providing materials for State's Attorneys and their professional staff, Article 10, § 41B(a)(1); and providing and coordinating continuing legal education programs and services for the State's Attorneys and their professional staffs, Article 10, § 41B (a)(2). The State's Attorneys' Coordinator performs these functions for the State. Given the nature of these duties, the position can fairly be regarded as "other State employ[ment]" under the catch-all provision in SG § 12-401(13).
In appropriate circumstances, the Attorney General's Office would be prepared to recommend such payment in order to protect the State's Attorneys' Coordinator. Although the peculiarities of the funding arrangement have left the State's Attorneys' Coordinator without statutory immunity, the benefits to the State from this position suggest the need for protection.[6]
 III Representation
In general, "the Attorney General shall appear in a civil action . . . against a State officer or State employee to represent the officer or employee . . . ." SG § 12-304(a)(1). The term "employee" is not defined.
For the reasons explained in Part IID above, the State's Attorneys' Coordinator is an employee of the State. As such, he is entitled to representation by the Attorney General under the criteria and limitations in SG § 12-304.
 IV Immunity of Coordination Council
As specified in Article 10, § 41D, the State's Attorneys' Coordination Council consists of the following officials:
 The Attorney General; The State's Attorney for Baltimore City; the State's Attorney for Baltimore County; the State's Attorney for Anne Arundel County; the State's Attorney for Prince George's County; the State's Attorney for Montgomery County; the State's Attorney from either Howard, Carroll or Harford County; the State's Attorney from either St. Mary's, Charles, or Calvert County; the State's Attorney from either Frederick, Washington, Allegany, or Garrett County; the State's Attorney from either Cecil, Kent, Queen Anne's, Caroline or Talbot County; and the State's Attorney from either Dorchester, Wicomico, Worcester, or Somerset County.
SG § 12-105 provides that "State personnel shall have the immunity from liability described under § 5-399.3(b) of the Courts and Judicial Proceedings Article." The term "State personnel" includes "a person who: (i) is a member of a State board, commission or similar State entity." SG § 12-101(3). Thus, Council members are immune under the MTCA for tortious acts provided their actions are not malicious, grossly negligent, or outside the scope of employment.
In addition, Council members may be able to assert immunity defenses based upon their offices in any cause of action related to the Council. All of the members of the Council are ex-officio. They are members of the Council by virtue of the positions that they hold. There is no separate appointment process to the Council. Stated differently, because an individual is elected as Attorney General or State's Attorney, that person is a member of the Council.[7] The clear intent of the statute is to link service on the Council with service as Attorney General or State's Attorney. Therefore, for example, a State's Attorney who serves on the Council may also assert immunity when performing investigatory or prosecutorial functions, as part of the Council.See 77 Opinions of the Attorney General ___ (1992) [Opinion No. 92-001, at 3 (January 8, 1992)] (prosecutors are immune when performing prosecutorial functions intimately associated with the judicial phase of the criminal process).
 V Conclusion
In summary, it is our opinion that:
1. The State's Attorneys' Coordinator has no statutory immunity from tort liability. Nor is the State's Attorneys' Coordinator entitled to assert public official immunity. However, should a judgment be entered against the State's Attorney's Coordinator, the Board of Public Works may be asked to pay it.
2. In accordance with the usual statutory criteria, the State's Attorneys' Coordinator will be defended by the Attorney General in a civil action.
3. The members of the State's Attorneys' Coordination Council are generally immune under the Maryland Tort Claims Act for tortious acts or omissions within the scope of their Council activities, including any Council activities relating to the State's Attorneys' Coordinator.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Kimberly Smith Ward Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions Advice
[1] By law, the State's Attorneys' Coordinator is to devote full time to official duties and may not engage in the private practice of law. Article 10, § 41A(d).
[2] No other provision of SG § 12-101 would apply.
[3] CJ § 5-401(c)(2) also provides that "employee" includes "(i) [a]ny employee, either within or without a classified service or merit system; (ii) [a]n appointed or elected official; or (iii) or a volunteer who, at the request of the local government, and under its control and direction, was providing services or performing duties."
[4] Even if the State's Attorney's Office were part of "local government" for purposes of this law's coverage, the State's Attorneys' Coordinator is not "employed by" that office. The mere receipt of grant funds does not make the recipient an employee of the grantor.
[5] Exceptions do exist, where an individual fails to meet most of the criteria of this test and yet is considered to be a public official. However, these exceptions are limited to those who exercise a large portion of the sovereign power of government,e.g., police officers. See Duncan v. Koustenis, 260 Md. 98, 106,271 A.2d 547 (1970). See also Behan, 84 Md. App. at 722 (Chief of Police of Baltimore County is a public official).
[6] Another possibility is insurance, if the appropriation allowed for its purchase.
[7] The Attorney General and the State's Attorneys for Baltimore City, Baltimore County, Anne Arundel County, Prince George's County and Montgomery County are automatically made members of the Council. The State's Attorneys for the other counties are chosen by a majority vote. Article 10, § 41D.
 *Page 240